RECEIVED / FILED
Superior Court of New Jersey
NOV 07 2014
CIVIL CASE MANAGEMENT
UNION COUNTY

DIEGO F. NAVAS, ESQ. (04565 1994)
ONE BLOOMFIELD AVENUE
NEWARK, NEW JERSEY 07104
(973) 482-6200
ATTORNEY FOR PLAINTIFF Zenaida Gonzalez

---

ZENAIDA GONZALEZ, Administratrix Ad Prosequendum of the Estate of ALISON CHAVEZ, and ZENAIDA GONZALEZ, Individually,

    Plaintiff,

v.

STATE OF NEW JERSEY (DEPARTMENT OF CHILDREN AND FAMILIES; DIVISION OF CHILD PROTECTION AND PERMANENCY) f/k/a DIVISION OF YOUTH AND FAMILY SERVICES (DYFS); ALLISON BLAKE; ANDREA MOODY; LUISA CORDERO; OLGA HUYNH; KEAN UNIVERSITY; CHILD ADVOCACY RESOURCE ASSOCIATION (C.A.R.A.S.); VICTORIA CERDA; HAIZEL LAZALA-KROHN; JOHN DOES 1-20 (fictitious) and ABC CORP. 1-20(fictitious),

    Defendants.

SUPERIOR COURT OF NEW JERSEY
UNION COUNTY: LAW DIVISION
DOCKET NO. UNNL 4098 14

CIVIL ACTION

**COMPLAINT AND JURY DEMAND**

---

Plaintiff, Zenaida Gonzalez, as Administratrix Ad Prosequendum of the Estate of Alison Chavez, and Zenaida Gonzalez, individually, by way of complaint against the above listed defendants, says the following:

### PRELIMINARY STATEMENT

1.    This is an action pursuant to 42 U.S.C. 1983; N.J.S.A. 59:1-1, et seq. and N.J.S.A. 10:6-1, et seq. for damages and other relief arising from the tortious and un-constitutional conduct committed against the deceased infant, Alison Chavez, by the State of New Jersey Department of Children and Families; Allison Blake; Kean University; The Child Advocacy Resource Association; and other defendants while the infant was under the custody, care and supervision of the defendants and had been placed in a home approved by these defendants.

2. The defendants failed to adequately provide for the infant's safety and well-being; failed to adequately supervise her foster care; failed to provide for her basic human needs and treatment; failed to adequately investigate the foster or resource parents and caretakers to whom they entrusted the infant's care; failed to adequately investigate facts known to them regarding the fitness of the foster/resource parents and were otherwise negligent, grossly negligent and/or reckless, failed to comply with statutory and regulatory standards regarding the care and custody of the infant such that she was caused to suffer physical abuse, maltreatment, and neglect which led to her death. The failures of the defendants identified above occurred before, during and after the placement of the infant in the foster/resource home where she suffered her fatal injury.

3. This action seeks an award of compensatory, statutory and punitive damages as well as an award of attorney's fees and costs based on the civil rights violations of the defendants.

## PARTIES

1. Plaintiff Zenaida Gonzalez is a resident of the City of Elizabeth, County of Union, New Jersey and is the natural mother of the deceased child, Alison Chavez. On January 27, 2014, plaintiff obtained Letters of Administration from the Union County Surrogates Office appointing her as Administratrix Ad Prosequendum of the Estate of Alison Chavez.

2. Alison Chavez was the natural child of Zenaida Gonzalez; was born on June 15, 2011 and died on November 8, 2012 at the age of sixteen (16) months.

3. Defendant State of New Jersey, Department of Children and Families/Division of Child Protection and Permanency, formerly known as the Division of Youth and Family Services or DYFS (hereinafter, referred to as "DCF"), is a government agency or public entity charged with the responsibility for making governmental policy and for overseeing the health, safety and

welfare of children in the State of New Jersey with their principal office located in Trenton, New Jersey.

4. At all times mentioned herein, defendant Allison Blake was and is the Commissioner of the State of New Jersey Department of Children and Families responsible for the enactment and execution of policy for the State of New Jersey regarding the health, safety and welfare of its children. At all times, Blake was acting as an agent, servant and employee of the DCF.

5. At all times mentioned herein, defendants Andrea Moody, Luisa Cordero, and Olga Huynh were employees of the DCF or otherwise acting on its behalf in the scope of their employment as case workers, supervisors, managers, etc. and responsible for overseeing, investigating and ensuring that the infant Alison Chavez was placed in a safe and suitable environment.

6. At all times mentioned herein, defendant Kean University was a governmental/public entity and created, sponsored, supervised, maintained, employed, supervised, etc. the Child Advocacy Resource Association (C.A.R.A.S.) which was responsible for the recruiting, investigating, screening, hiring of defendant Haizel Lazala-Krohn in whose care the infant Alison Chavez was placed.

7. The Child Advocacy Resource Association (C.A.R.A.S.) is an organization/entity located on the campus of Kean University's Social Work Department which provides foster and adoptive family services and undertakes the recruitment, screening, training, investigating and placing of foster parents and foster homes with children and works in conjunction with the DCF.

8. Defendant Victoria Cerda is the Director of the C.A.R.A.S., acting as an agent, servant and employee of that entity and was at all times charged with ensuring that children assigned to her care were placed in safe and suitable foster homes.

9. At all times relevant to this complaint, defendant Haizel Lazala-Krohn was an individual residing in Plainfield, New Jersey and a foster parent, hired/retained/employed by the DCF and/or Kean University and/or C.A.R.A.S. and to whom the care and custody of the infant Alison Chavez was entrusted. Upon information and belief, there was at least one other foster parent involved in the home of Lazala-Krohn, but that name has not been released to the plaintiff. If, and when, that name becomes available, that person will be substituted in as a defendant through the John Doe designation.

10. At all times mentioned herein, defendants John Does 1 through 20 (fictitious) represent names of persons presently unknown and unidentifiable who were case workers, supervisors, managers, agents, servants, employees, foster/resource parents, or otherwise acting in another capacity and acting on behalf of any of the defendants identified above who are liable for the plaintiff's damages.

11. At all times mentioned herein, defendants ABC Corp. 1 through 20 (fictitious) represent the names of unknown and unidentifiable government entities or agencies who are liable for the plaintiff's damages.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

1. The above paragraphs are incorporated by reference as if fully set forth at length herein and below.

2. Alison Chavez was born on July 15, 2011. She is the youngest of five (5) children born to plaintiff, Zenaida Gonzalez, and Jesus Chavez. The plaintiff and her children, including Alison Chavez, previously resided with their father, Jesus Chavez.

3. During their time together, Mr. Chavez committed several acts of abuse and violence upon the plaintiff and her children, including Alison Chavez, and he was removed from their home in August 2011 by the police following an incident where he was intoxicated and spit in plaintiff's face and threw their belongings around.

4. On September 24, 2011, Mr. Chavez came to their home, intoxicated, and again threw things around, attempted to strike plaintiff by throwing objects at her; sexually assaulted the plaintiff and was then arrested. On September 29, 2011, a Temporary Restraining Order ("T.R.O") was entered in the Superior Court, Middlesex County against Mr. Chavez. Shortly thereafter, Mr. Chavez was deported back to Mexico because of the domestic violence arrest.

5. Following the deportation of Mr. Chavez, the plaintiff and her children lived together in an apartment in Elizabeth.

6. In August of 2012, however, plaintiff suffered a nervous breakdown following the burglary of their apartment. She then tried to commit suicide and was hospitalized.

7. Due to plaintiff's psychiatric episode, defendant State of New Jersey DCF, through its division then known as DYFS assumed temporary custody of the children, including Alison Chavez.

8. On August 27, 2012, Alison Chavez and her siblings were placed in the home of Haizel Lazala-Krohn in Plainfield, New Jersey. This placement was made by defendants DCF and/or Kean University and/or the Child Advocacy Resource Association.

9. On August 30, 2012, the Honorable James Hely, J.S.C. entered a formal Order granting legal custody and physical custody of plaintiff's children (Alison, Sharon, William, Ashley and Jesus) to the State of New Jersey, Division of Youth and Family Services.

10. After her release from the hospital, plaintiff began psychiatric treatment and counseling at Trinitas Hospital in Elizabeth. She was living in an apartment in Elizabeth with a friend but the children remained in the custody of the State. She was allowed to visit with them on a weekly basis.

11. Plaintiff was communicating regularly with DCF case workers, defendants Olga Huynh from the DYFS Union County East Local Office and Luisa Cordero of the Middlesex Central Local DYFS Office. Defendant Andrea Moody was the supervisor of Cordero.

12. On October 15, 2012, the court held a 45-day review in the Family Division of the placement. The Court's Order indicates that custody remain with DYFS.

13. On November 8, 2012, plaintiff received a call from the JFK Medical Center in Edison indicating that her daughter Alison had struck her head and had a seizure. When she arrived at the hospital, she was told that her daughter had a blood clot and needed emergency surgery. Two hours later, she was told that her daughter had died. It was explained to her at that time that her heart was unable to stand the surgery.

14. While plaintiff was at the hospital, she did speak to defendant Lazala-Krohn, the foster mother, who told her Alison had been very sick and that she had had a seizure. In fact, Lazala-Krohn stated that she had previously had to take Alison to the hospital for a prior seizure, which no one had ever told plaintiff had occurred.

15. Alison was always a very healthy girl and never had any history of seizures or any type of medical condition that could have resulted in her sudden death.

16. The Death Certificate issued by the City of Elizabeth lists the cause of death as "Acute Subdural Hemorrhage."

17. Following the death of Alison, defendant DCF removed the rest of plaintiff's children from the home of defendant Lazala-Krohn and placed them in another foster home.

18. Meanwhile, the Union County Prosecutor's Office began investigating this matter for potential criminal prosecution as to Haizel Lazala-Krohn.

19. Plaintiff was not allowed to bury her daughter immediately. She was told that due to the Union County Prosecutor's Office investigation that her daughter's body was being held for an autopsy. Alison's body was not released until December 14, 2012 and she was buried on December 17, 2012.

20. The Union County Medical Examiner's Office ruled the cause of death as a homicide due to acute subarachnoid hemorrhage resulting from head trauma.

21. As of the date of this complaint, there have been no criminal charges filed and upon information and belief the matter remains open.

22. On October 7, 2013, the DCF's Institutional Abuse Investigation Unit (IAIU) issued its findings report regarding the death of Alison Chavez. They determined that physical abuse/child death and neglect/head injuries and medical neglect is substantiated regarding the actions of C.A.R.A.S. contracted resource provider, Haizel Lazala-Krohn, in accordance with N.J.S.A. 9:6-8.21.

23. More specifically, the I.A.I.U. report noted that the Union County Medical Examiner ruled the death of Alison Chavez a homicide due to acute subarachnoid hemorrhage resulting from head trauma. A medical review determined that no information provided by the resource parent, defendant Haizel Lazala-Krohn, explained the severity of the massive

7

hemorrhagic bleed in the brain and the herniation of the brain. Accordingly, Alison's death was not due to disease or accidental trauma.

24. Defendant Haizel Lazala-Krohn, the resource parent, either assaulted and battered the infant plaintiff and caused her death or, at a minimum, failed to provide the minimum degree of care to Alison to ensure her safety and, therefore, her actions placed Alison at substantial risk of harm and met the statutory requirements to find physical abuse and neglect and resulted in her death.

25. Notices of Tort Claim, pursuant to N.J.S.A. 59:8-1, et seq., were timely and properly served on the State DCF defendants. Plaintiff was granted leave to file a late notice of claim upon Kean University, C.A.R.A.S. and Victoria Cerda.

## FIRST COUNT

## CIVIL RIGHTS VIOLATIONS - 42 U.S.C. 1983 - DEPRIVATION OF 14th AMENDMENT DUE PROCESS RIGHTS AS TO THE INDIVIDUAL DEFENDANTS

1. The above paragraphs are incorporated by reference as if fully set forth at length herein and below.

2. At all times herein mentioned, DCF representatives, employees, or agents, Andrea Moody, Luisa Cordero, Olga Huynh and John Doe(s) (1-20) (hereinafter referred to collectively as the "DCF individual defendants") and Haizel Lazala-Krohn were acting under the color of state law in connection with their care, custody, supervision, and control over Alison Chavez, and each are sued herein in their personal and official capacity.

3. The Fourteenth Amendment of the United States Constitution guarantees each child in the custody of the State, including Alison Chavez, substantive and procedural due process rights, which include but are not limited to:

   a. Right not to be harmed, physically, emotionally, developmentally, or

8

       otherwise;

    b. Right to protection from harm;

    c. Right to receive medical care, treatment, and other services as warranted;

    d. Right to receive care, treatment, and services consistent with competent professional judgment;

    e. And other rights as secured by the 14th Amendment.

4. At all times herein mentioned, Alison Chavez had the right to have the foregoing fundamental rights safeguarded and protected by virtue of the defendants having exercised care, custody, supervision, and control over her.

5. At all times herein mentioned, Alison Chavez had the right to have the foregoing fundamental rights safeguarded and protected by virtue of her having a special relationship with DCF, in that Alison Chavez' protected liberty interest was impinged upon by the DCF individual defendants taking care, custody, supervision, and control of her.

6. The DCF individual defendants and Haizel Lazala-Krohn acted with gross negligence, deliberate indifference, and in such egregious, objectively unreasonable, and arbitrary manner such as to shock the conscience by violating Alison Chavez' foregoing enumerated rights, by, including, but not limited to, failing to protect Alison Chavez from harm and otherwise exposing her to further acts of foreseeable harm in violation of her civil and constitutional rights as protected by the 14th Amendment. As such, the aforementioned acts and omissions constitute an actionable constitutional violation enforceable under 42 U.S.C. 1983.

7. As a direct and proximate result of the foregoing deprivation of Alison Chavez' civil and constitutional rights by the DCF individual defendants and Haizel Lazala-Krohn, Alison Chavez was caused to suffer serious and permanent injuries, death, and has sustained other losses and damages.

## SECOND COUNT

## CIVIL RIGHTS VIOLATIONS - 42 U.S.C. 1983 - DEPRIVATION OF 14th AMENDMENT DUE PROCESS RIGHTS AS TO DEFENDANTS ALLISON BLAKE, KEAN UNIVERSITY, C.A.R.A.S, VICTORIA CERDA AND JOHN DOES 1-20

1. The above paragraphs are incorporated by reference as if fully set forth at length herein and below.

2. At all times herein mentioned, defendants Allison Blake, Kean University, C.A.R.A.S., Victoria Cerda and John Does 1-20 (fictitious) were responsible for making governmental policy and for the oversight of the functions and duties of their respective departments, divisions, bureaus, and agencies engaged in providing child welfare services. Furthermore, these defendants were the superiors of the DCF individual defendants and were responsible for their training, supervision, and conduct. These defendants were also responsible for formulating and enforcing the applicable rules, regulations, policies, and procedures, and for ensuring that all of the caseworkers, and others acting on their behalf, obeyed and followed all applicable laws, rules, regulations, and policies, including the proper recruiting, screening, investigating, training and placing of foster/resource parents.

3. At all times herein mentioned, the above-mentioned defendants were acting under the color of state law as agents, servants, and employees of DCF, pursuant to the policies, customs, and practices of DCF, and each are sued herein in their personal and official capacity.

4. The failure of defendants to properly train, instruct, counsel, supervise and discipline their caseworkers, managers, foster/resource parents and others, including, but not limited to, the DCF individual defendants and Haizel Lazala-Krohn, acting on their behalf, and to permit their actions under policy, custom, and practice evidences a disregard of fundamental rights so as to (1) prevent Alison Chavez from being subjected to harm and exposed her to

10

continued harm; (2) to implement and effectuate a plan that met Alison Chavez' needs and rights; and (3) otherwise neglected the fundamental needs and rights of Alison Chavez.

5. All of the aforementioned acts and omissions of the defendants, including, but not limited, to the aforementioned violations of 42 U.S.C. 1983, were directly and proximately caused by the customs, policies, and practices to not follow the rules, regulations, and procedures intended to safeguard children, including Alison Chavez, as known by and tolerated by the defendants, in disregard to the foreseeable risks of serious harm, and violation of civil and constitutional rights of children.

6. The defendants' acts and omissions were committed with a wanton disregard of the health and safety of Alison Chavez.

7. As a direct and proximate cause of the aforementioned violations of Alison Chavez' civil and constitutional rights actionable under 42 U.S.C. 1983, Alison Chavez was caused to suffer serious and permanent injuries and death, and has sustained other losses and damages.

## THIRD COUNT – NEGLIGENCE

1. The above paragraphs are incorporated by reference as if fully set forth at length herein and below.

2. At all times mentioned herein, the DCF individual defendants, while acting as agents servants, employees, or otherwise on behalf of DCF, were charged by statute, law, code, regulation, policy, procedure, or other authority, to perform their functions and duties in a safe and reasonable manner, and to act properly in furtherance of protecting and safeguarding children, including Alison Chavez, coming under their care, custody, supervision, and control.

3. The defendants owed a duty to exercise due and reasonable care in carrying out

their functions and duties assumed towards Alison Chavez, including, but not limited to, the duty of not exposing Alison Chavez to foreseeable risks of harm, and not to act to her detriment and harm.

4. The defendants acted in a negligent, careless, reckless, or otherwise palpably unreasonable manner, breaching their care of duty owed to Alison Chavez in their care, custody, supervision, control, and provision of services to Alison Chavez. Such acts include, but are not limited to: failed to provide adequate and appropriate services to the infant Alison Chavez and her family; failed to adequately provide for the infant's safety and well-being; failed to adequately supervise her foster care; failed to provide for her basic human needs and treatment; failed to adequately investigate the foster or resource parents and caretakers to whom they entrusted the infant's care; failed to adequately investigate facts known to them regarding the fitness of the foster/resource parents and were otherwise negligent, grossly negligent and/or reckless, failed to comply with statutory and regulatory standards regarding the care and custody of the infant such that she was caused to suffer physical abuse, maltreatment, and neglect which led to her death. The failures of the defendants identified above occurred before, during and after the placement of the infant in the foster/resource home where she suffered her fatal injury.

5. As a direct and proximate result of the foregoing breaches of duty by these aforesaid defendants, Alison Chavez was caused to suffer serious and permanent injuries, including death, for which medical treatment expenses are in excess of $3,600.00, and has sustained other losses and damages.

## FOURTH COUNT – RESPONDEAT SUPERIOR

1. The above paragraphs are incorporated by reference as if fully set forth at length herein and below.

2. At all times herein mentioned, the DCF, Kean University and C.A.R.A.S. were state departments and governmental/public entities and agencies responsible for making governmental policy, and for the oversight of the health, safety, and welfare of, inter alia, children, and in particular, Alison Chavez.

3. At all times herein mentioned, the individual defendants - Andrea Moody, Luisa Cordero, Olga Huynh, John Does 1-20 (fictitious) and Haizel Lazala-Krohn - were agents, servants and employees of the above defendant entities or otherwise acting on their behalf in the scope of their employment as caseworker, supervisor, manager, foster/resource parent or acting in another capacity.

4. As a result of the negligence, carelessness, recklessness, and palpable unreasonableness of the individual defendants in the performance of their duties while in the course of their employment and in the service of the defendant entities, Alison Chavez suffered severe and serious injuries, death, and other damages as alleged above.

5. Accordingly, defendants DCF, Kean University and C.A.R.A.S. are vicariously liable to plaintiff, under the doctrine of Respondeat Superior, for all harm and other damages herein sustained.

## FIFTH COUNT

## NEGLIGENT FAILURE TO PROPERLY TRAIN, SUPERVISE, AND IMPLEMENT POLICIES

1. The above paragraphs are incorporated by reference as if fully set forth at length herein and below.

2. At all times herein mentioned, defendants DCF, Allison Blake, Kean University Victoria Cerda and C.A.R.A.S. owed a duty to exercise due and reasonable care in recruiting, hiring, training, disciplining, and supervising their agents, servants, employees, including

13

foster/resource parents and others acting on their behalf, so as to ensure that they perform their functions and duties in a safe and reasonable manner, and to act properly in furtherance of protecting and safeguarding children, including Alison Chavez, coming under their care, custody, supervision, and control.

3. The defendants breached their aforesaid duties by acting in a negligent, careless, reckless, or otherwise palpably unreasonable manner, in failing to exercise due and reasonable care in recruiting, hiring, training, disciplining, and supervising their agents, servants, employees, including foster/resource parents and others acting on their behalf, who were negligent, and otherwise failed to fulfill their duties toward Alison Chavez.

4. Defendants failed to enforce their own policies and procedures intended to safeguard and protect all children under their care, custody, supervision, and control, including Alison Chavez, which created an unreasonable risk of harm. These defendants knew that their own policies and procedures were not followed, not enforced, and otherwise violated in a pervasive, consistent, and on-going manner by their own agents, servants, employees, and others acting on their behalf, and these defendants failed to address and rectify the problems and risks posed to all children in the child welfare system, including Alison Chavez.

5. As a direct and proximate result of the foregoing breaches of duty by the aforesaid defendants, Alison Chavez was caused to suffer serious and permanent injuries, including death, for which medical treatment expenses are in excess of $3600.00, and has sustained other losses and damages.

## SIXTH COUNT

## VIOLATION OF NEW JERSEY'S CIVIL RIGHTS ACT AND ARTICLE I, PAR. 5 & 7 OF NEW JERSEY'S CONSTITUTION

1. The above paragraphs above are incorporated by reference as if fully set forth at length herein and below.

2. New Jersey Civil Rights Act, pursuant to N.J.S.A. 10:6-1 et seq., protects against the deprivation of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of the State of New Jersey.

3. Defendants actions stated above, inter alia, were committed under the color of state law and were violations of Alison Chavez' clearly established and well settled constitutional and other legal rights, in violation of the New Jersey Civil Rights Act, N.J.S.A. 10:6-1, et seq. and Article I, Pars. 5 and 7 of the New Jersey Constitution.

4. As a direct and proximate result of the foregoing deprivation of Alison Chavez' civil and constitutional rights by the DCF individual defendants and Haizel Lazala-Krohn, Alison Chavez was caused to suffer serious and permanent injuries, death, and has sustained other losses and damages.

## SEVENTH COUNT - SURVIVOR'S ACT AND WRONGFUL DEATH ACT

1. The above paragraphs are incorporated by reference as if fully set forth at length herein and below.

2. As a direct and proximate result of the unconstitutional acts, negligence, recklessness, intentional acts and palpably unreasonableness of the defendants as aforesaid, Alison Chavez suffered physical and emotional injuries; considerable pain, anguish, suffering, injuries, and, eventually, death. Plaintiff brings this complaint pursuant to the Survivor's Act, as

set forth in N.J.S.A. 2A:15-3.

3. Plaintiff Zenaida Gonzalez was Alison Chavez' natural mother and, as such, was entitled to her services, love, affection, and consortium.

4. Accordingly, plaintiff brings this action for all pecuniary losses suffered by the heirs of the decedent, Alison Chavez, including those for the loss her services, love, affection, and consortium, as set forth and permitted by the Wrongful Death Act, N.J.S.A. 2A:31-1, et seq.

## EIGHTH COUNT – ASSAULT AND BATTERY

1. The above paragraphs are incorporated by reference as if fully set forth at length herein and below.

2. The actions of defendant Haizel Lazala-Krohn in causing the death of Alison Chavez constitutes an assault and battery.

3. As a direct and proximate result of the assault and battery by this defendant upon the infant Alison Chavez, she was caused to suffer serious and permanent injuries, including death, for which medical treatment expenses are in excess of $3,600.00, and has sustained other losses and damages.

## NINTH COUNT - PUNITIVE DAMAGES

1. The above paragraphs above are incorporated by reference as if fully set forth at length herein and below.

2. The actions of the individually named defendants as well as the currently unidentified John Doe defendants as set forth in the previous counts of this complaint amount to malicious, willful and wanton conduct sufficient to justify an award of punitive damages pursuant to N.J.S.A. 2A:15-5.9, et seq. (the Punitive Damages Act).

3. Defendants were fully aware that their conduct would result in serious harm to the Plaintiff.

4. An award of punitive damages in this matter is reasonable and justified based on the purpose of punitive damages

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Zenaida Gonzalez, individually and as Administratrix Ad Prosequendum of the Estate of Alison Chavez, respectfully requests judgment against the aforementioned defendants as follows:

(a) Compensatory and consequential damages in an amount to be determined at trial;

(b) Punitive damages on all claims allowed by law, in an amount to be determined at trial;

(c) Attorney's fees and costs associates with this action, pursuant to 42 U.S.C. § 1988; N.J.S.A.; and N.J.S.A. 10:6-2(f);

(d) Any further relief as this Court deems just and proper and any other relief as allowed by law.

RESPECTFULLY SUBMITTED,

BY: _____
Diego F. Navas, Esq.
Attorney for Plaintiff Zenaida Gonzalez

Dated: November 7, 2014

## JURY DEMAND

Plaintiff demands a Jury Trial on all issues raised in this Complaint.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Plaintiff hereby designates Diego F. Navas as trial counsel.

## CERTIFICATION PURSUANT TO R. 4:5-1 (b)(2)

This matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding nor is any such action contemplated.

BY: _____
Diego F. Navas, Esq.
Attorney for Plaintiff Zenaida Gonzalez

Dated: November 7, 2014

Appendix XII-B1

## CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1
Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed

| | |
|---|---|
| PAYMENT TYPE: | ☐ CK ☐ CG ☐ CA |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

**ATTORNEY / PRO SE NAME:** Diego F. Navas
**TELEPHONE NUMBER:** (973) 482-6200
**COUNTY OF VENUE:** Union

**FIRM NAME (if applicable):** Law Office of Diego F. Navas
**DOCKET NUMBER (when available):** UNN-L-4098-14

**OFFICE ADDRESS:** 1 Bloomfield Avenue, Newark, NJ 07104
**DOCUMENT TYPE:** Complaint
**JURY DEMAND:** ☒ YES ☐ NO

**NAME OF PARTY:** Zenaida Gonzalez, Plaintiff
**CAPTION:** Zenaida Gonzalez (Estate of Alison Chavez) v. State of New Jersey Department of Children and Families, et al.

**CASE TYPE NUMBER:** 005/602
**HURRICANE SANDY RELATED?** ☐ YES ☒ NO
**IS THIS A PROFESSIONAL MALPRACTICE CASE?** ☐ YES ☒ NO
IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

**RELATED CASES PENDING?** ☐ YES ☒ No
**IF YES, LIST DOCKET NUMBERS**

**DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?** ☐ YES ☒ No
**NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known):** Self-insured ☒ NONE ☐ UNKNOWN

THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?** ☒ YES ☐ No
**IF YES, IS THAT RELATIONSHIP:** ☐ EMPLOYER/EMPLOYEE ☐ FAMILIAL ☐ FRIEND/NEIGHBOR ☐ BUSINESS ☒ OTHER (explain) Deceased infant in custody of State

**DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?** ☒ YES ☐ No

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

**DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?** ☐ YES ☒ No
**IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION**

**WILL AN INTERPRETER BE NEEDED?** ☒ YES ☐ No
**IF YES, FOR WHAT LANGUAGE?** Spanish

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

**ATTORNEY SIGNATURE:** *Diego*

Side 2



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

### Track III - 450 days' discovery
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

### Multicounty Litigation (Track IV)
- 266 HORMONE REPLACEMENT THERAPY (HRT)
- 271 ACCUTANE/ISOTRETINOIN
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 278 ZOMETA/AREDIA
- 279 GADOLINIUM
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 284 NUVARING
- 285 STRYKER TRIDENT HIP IMPLANTS
- 286 LEVAQUIN
- 287 YAZ/YASMIN/OCELLA
- 288 PRUDENTIAL TORT LITIGATION
- 289 REGLAN
- 290 POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291 PELVIC MESH/GYNECARE
- 292 PELVIC MESH/BARD
- 293 DEPUY ASR HIP IMPLANT LITIGATION
- 295 ALLODERM REGENERATIVE TISSUE MATRIX
- 296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
- 297 MIRENA CONTRACEPTIVE DEVICE
- 601 ASBESTOS
- 623 PROPECIA

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category   ☐ Putative Class Action   ☒ Title 59