**DECOTIIS, FITZPATRICK, COLE & GIBLIN, LLP**
**Alex J. Keoskey, Esq. – (#040981996)**
Glenpointe Centre West
500 Frank W. Burr Blvd., Suite 31
Teaneck, N.J. 07666
Tel: 201-347-2133
Fax: 201-928-0588
Email:akeoskey@decotiislaw.com
*Attorneys for Defendant Anita Kishen, M.D., F.A.A.P.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STATE OF NEW JERSEY (DEPARTMENT OF CHILDREN AND FAMILIES; DIVISION OF CHILD PROTECTION AND PERMANENCY) f/k/a DIVISION OF YOUTH AND FAMILY SERVICES (DYFS), ALLISON BLAKE, ANDREA MOODY, LUISA CORDERO, OLGA HUYNH, BRIGID EGWU-ONYEMA, DAVID HENNINGSEN,<br><br>Plaintiffs,<br><br>vs.<br><br>DR. ANITA KISHEN, M.D., F.A.A.P. and AL & JEANS CHILDREN'S FIRST AND UNIQUE DAY CARE, INC.<br><br>Defendants. | Civil Action No.: 2:14-CV-07932-KM-MAH<br><br>**ANSWER TO THIRD PARTY COMPLAINT AND AFFIRMATIVE DEFENSES** |

Third Party Defendant, Anita Kishen, M.D., F.A.A.P., with address at 120 West 7th Street, Suite 203, Plainfield, County of Union, New Jersey 07060 (hereinafter "Third Party Defendant") through her counsel answer in response to Third Party Plaintiffs' Complaint as follows:

## AS TO "THE PARTIES"

1. Third Party Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore denies the same, leaving Third Party Plaintiffs to their proofs.

2. Third Party Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore denies the same, leaving Third Party Plaintiffs to their proofs.

3. Third Party Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore denies the same, leaving Third Party Plaintiffs to their proofs.

4. Third Party Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore denies the same, leaving Third Party Plaintiffs to their proofs.

5. Third Party Defendant admits the allegations contained in this paragraph.

6. Third Party Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore denies the same, leaving Third Party Plaintiffs to their proofs.

## AS TO "JURISDICTION"

7. This paragraph contains legal conclusions and/or arguments and Third Party Defendant makes no answer thereto. To the extent that the allegations contained in this paragraph may be construed to allege any cause of action against Third Party Defendant, same are denied.

## AS TO "FACTUAL BACKGROUND"

8. Third Party Defendant denies the allegations contained in this paragraph.

### "As to Dr. Anita Kishen"

9. Admitted that Third Party Defendant examined Alison Chavez on the cited two occasions. To the extent that the allegations contained in this paragraph may be construed to allege any cause of action against Third Party Defendant, same are denied.

10. Admitted that Third Party Defendant examined Alison Chavez and noted during one visit that Alison Chavez had some slight injuries. To the extent that the allegations contained in this paragraph may be construed to allege any cause of action against Third Party Defendant, same are denied.

11. Admitted that Third Party Defendant called David Henningsen. To the extent that the allegations contained in this paragraph may be construed to allege any cause of action against Third Party Defendant, same are denied.

12. Admitted.

13. Admitted that Third Party Defendant did not contact additional DCPP employees subsequent to contacting David Henningsen. To the extent that the allegations contained in this paragraph may be construed to allege any cause of action against Third Party Defendant, same are denied.

14. Admitted that Third Party Defendant did not contact the State central Registry Hotline, as such contact would have been redundant and unnecessary after directly contacting the actual caseworker responsible for the child in question. To the extent that the allegations contained in this paragraph may be construed to allege any cause of action against Third Party Defendant, same are denied.

15. Third Party Defendant denies the allegations contained in this paragraph.

16. Third Party Defendant denies the allegations contained in this paragraph.

### "As to Al & Jeans"

17. Third Party Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore denies the same, leaving Third Party Plaintiffs to their proofs.

18. Third Party Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore denies the same, leaving Third Party Plaintiffs to their proofs.

19. Third Party Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore denies the same, leaving Third Party Plaintiffs to their proofs.

20. Third Party Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore denies the same, leaving Third Party Plaintiffs to their proofs.

21. Third Party Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore denies the same, leaving Third Party Plaintiffs to their proofs.

22. Third Party Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore denies the same, leaving Third Party Plaintiffs to their proofs.

23. Third Party Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore denies the same,

leaving Third Party Plaintiffs to their proofs.

24. Third Party Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore denies the same, leaving Third Party Plaintiffs to their proofs.

25. Third Party Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore denies the same, leaving Third Party Plaintiffs to their proofs.

## AS TO "COUNT ONE (Contribution)"

26. Third Party Defendant repeats her responses to each of the allegations set forth above as if set forth at length herein.

27. This paragraph contains legal conclusions and/or arguments and Third Party Defendant makes no answer thereto. To the extent that the allegations contained in this paragraph may be construed to allege any cause of action against Third Party Defendant, same are denied.

## AS TO "COUNT TWO (Indemnification)"

28. Third Party Defendant repeats her responses to each of the allegations set forth above as if set forth at length herein.

29. This paragraph contains legal conclusions and/or arguments and Third Party Defendant makes no answer thereto. To the extent that the allegations contained in this paragraph may be construed to allege any cause of action against Third Party Defendant, same are denied.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Third Party Complaint fails to set forth a cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Third Party Complaint is barred, in whole or in part, because the Third Party Defendant acted in accordance with all applicable laws of the State of New Jersey and the United States of America.

**THIRD AFFIRMATIVE DEFENSE**

Recovery is barred in this action by the applicable statute of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

Third Party Defendant affirmatively pleads each defense, limitation, and immunity, including derivative immunity, provided to her under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq., inclusive, and asserts that Third Party Plaintiffs' action is barred, limited, and/or controlled by the provisions of that statute.

**FIFTH AFFIRMATIVE DEFENSE**

Third Party Defendant did not engage in any conduct that constitutes a wrongful, intentional act.

**SIXTH AFFIRMATIVE DEFENSE**

Third Party Defendant took no action at any time to deprive Third Party Plaintiffs of any federal, constitutional or statutory right of law.

**SEVENTH AFFIRMATIVE DEFENSE**

Third Party Plaintiffs' claims are barred by the principals of waiver, estoppels, res

judicata, and laches.

## EIGHTH AFFIRMATIVE DEFENSE

The Third Party Complaint fails to state a claim upon which an award of any punitive damages may be granted.

## NINTH AFFIRMATIVE DEFENSE

Third Party Plaintiffs' damages, if any, are wholly attributable to the wrongful acts, omissions, or conduct of Third Party Plaintiffs.

## TENTH AFFIRMATIVE DEFENSE

The incident alleged was neither intended, foreseeable, nor preventable by the exercise of reasonable care.

## ELEVENTH AFFIRMATIVE DEFENSE

Damages, if any, sustained by Plaintiff and the Third Party Plaintiffs were the result of actions of persons and/or entities over which Third Party Defendant had no control.

## TWELVTH AFFIRMATIVE DEFENSE

Recovery in this action is barred, in whole or in part, by the contributory and/or comparative negligence of Third Party Plaintiffs.

## THIRTEENTH AFFIRMATIVE DEFENSE

Third Party Defendant denies any breach of duty to Plaintiff or Third Party Plaintiffs.

## FOURTEENTH AFFIRMATIVE DEFENSE

If plaintiff could have, with due diligence, obtained personal jurisdiction over tortfeasors, not a party to this lawsuit, whose conduct in whole or in part caused or contributed to plaintiff's injuries and damages, then the culpability of any missing or absent tortfeasors should be determined in accordance with the provisions of § 1601 of the CPLR; and defendants' liability, if

any, for non-economic loss should be limited to its equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for such loss.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that any affirmative defenses asserted by any defendant other than defendants in this action may otherwise be applicable to plaintiff's claims against defendants to the extent any other are identified, available or appear during discovery to be applicable to plaintiff's claims in this action, then defendants hereby specifically reserve the right to amend its Answer for the purpose of asserting such additional affirmative defenses. Defendants hereby includes by reference, as if fully set forth at length herein, all defenses, both affirmative and otherwise raised, pled or asserted by all other answering defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery is barred by the doctrine of superseding and intervening cause.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The alleged incident was the result of the fault, negligence, want of care, gross negligence, intentional act or acts, or omissions of persons or entities other than defendants and over which defendants have no authority or control and was not the result of any fault, negligence, want of care, or other acts or omissions on the part of defendants, and in the event defendants are found liable to plaintiff (which liability is expressly denied) defendants will be entitled to indemnification, contribution, or apportionment of liability pursuant to applicable law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

If plaintiff has received a remuneration and/or compensation for some or all of his claimed economic loss, or will with reasonable certainty receive remuneration and/or

compensation for said loss in the future, plaintiff's award should be reduced by the amount of said remuneration and/or compensation pursuant to Section 4545(c) of the CPLR, then defendants' liability to plaintiff (which is expressly denied) must be reduced correspondingly.

### NINETEENTH AFFIRMATIVE DEFENSE

Pursuant to Section 1601 of the CPLR, should the liability, if any, of defendant be found to be 50% or less of the total liability assigned to all parties liable, then defendants' liability to plaintiff for non-economic loss shall be limited to defendants' equitable share, determined in accordance with the relative culpability of each party causing or contributing to the total liability for plaintiff's non-economic loss.

Third Party Defendant reserves the right to assert any other affirmative defenses that discovery reveals to be applicable as to avoid waiver of same.

### RESERVATION OF RIGHTS

Third Party Defendant reserves the right, at or before trial, to move to dismiss the Third Party Complaint and/or for summary judgment, on the ground that the Third Party Complaint fails to state a claim upon which relief can be granted, that the allegations within the Third Party complaint are frivolous and/or that Third Party Defendant is entitled to judgment as a matter of law, based on any or of the above defenses.

### NOTICE PURSUANT TO FED.R.CIV.P.5

TAKE NOTICE that pursuant to the above-cited Rule of Court, that each party herein deriving or receiving pleadings, deposition transcripts, discovery request, interrogatories, correspondence and other documents within the scope of Fed.R.Civ.P.5, is hereby requested to

serve same upon the undersigned attorney, whether or not they were received or served prior to or after the filing of the date of this Answer.

## JURY DEMAND

Third Party Defendant demands a trial by jury on all of the issues herein.

## DEMAND FOR DISCOVERY

Third Party Defendant hereby demands that Third Party Plaintiffs provide Rule 26 disclosures as required by the Rules of Court, along with responses to any discovery provided or propounded by any party in this matter.

## LOCAL CIVIL RULE 11.2 CERTIFICATION

The undersigned counsel hereby certifies that the within matter in controversy is not the subject of any other action pending in any court or of a pending arbitration or administrative proceeding and that, to the best of counsel's knowledge, there is no other party who should be joined in this action.

        **DeCOTIIS, FITZPATRICK, COLE AND GILBIN, LLP**
        *Attorneys for Defendant Dr. Anita Kishen, M.D., F.A.A.P,*

    By: /S/ ALEX J. KEOSKEY
        **ALEX J. KEOSKEY**

Dated: February 12, 2018