UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZENAIDA GONZALEZ,<br><br>                                  Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY, et al.,<br><br>                                  Defendants. | Civ. No. 14-cv-7932 (KM) (MAH)<br><br>OPINION |

### **KEVIN MCNULTY, U.S.D.J.:**

Plaintiff Zenaida Gonzalez, as administrator, commenced this action against the State of New Jersey Department of Children and Families Division of Child Protection and Permanency (the "Division"), six individual officials employed by the Division,[1] Kean University, the Child Advocacy Resource Association ("CARAS"), two CARAS employees,[2] Haizel Lazala-Krohn, and Lucrecia Vega. The claims arise from the death of Ms. Gonzalez's daughter, Alison Chavez ("Alison"), who had been placed in foster care. (*See* AC).[3]

---

[1] Those officials are Allison Blake, Andrea Moody, Luisa Cordero, Olga Huynh, Brigid Egwu-Onyema, and David Henningsen.

[2] Those CARAS employees are Victoria Cerda and Monica Avila.

[3] Certain record items repeatedly cited are abbreviated as follows:

| | |
|---|---|
| "DE __" = | Docket Entry in this case |
| "AC" = | Amended Complaint (DE 47) |
| "TP Comp." = | Third-Party Complaint against Dr. Anita Kishen and Al & Jeans Children First and Unique Day Care, Inc. (DE 74) |
| "Al & Jeans Mot." = | Motion to Dismiss Third-Party Complaint by Al & Jeans Children First and Unique Day Care, Inc. (DE 99) |
| "Opp." = | Brief in Opposition to Motion to Dismiss (DE 100) |
| "Reply" = | Reply Brief in Further Support of Motion to Dismiss Third-Party Complaint (DE 101) |

1

The Division and the six individual officials employed by the Division (collectively, the "Third-Party Plaintiffs") brought a Third-Party Complaint against Dr. Anita Kishen and Al & Jeans Children First and Unique Day Care, Inc. ("Al & Jeans") for contribution and indemnification under a theory of negligence. (*See* TP Comp.).

Now before the Court is the motion of Al & Jeans[4] to dismiss the Third-Party Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and in the alternative to strike or sever the Third-Party Complaint pursuant to Federal Rule of Civil Procedure 14(a)(4). (*See* Al & Jeans Mot.) For the reasons set forth below, those motions are denied.

## I. FACTUAL SUMMARY

The Third-Party Complaint alleges the following facts. For purposes of a Rule 12(b)(6) motion, the allegations of the Complaint are assumed to be true. *See* Section II.A, *infra*.

Plaintiff Gonzalez alleges in the Amended Complaint that the Defendants/Third-Party Plaintiffs—before, during, and after the placement of the infant, Alison Chavez, in the resource home—failed to adequately provide for Alison's safety and failed to comply with statutory and regulatory standards regarding the care and custody of an infant. (TP Comp. ¶ 8; *see generally* AC). This failure allegedly caused Alison to suffer physical abuse and neglect that ultimately resulted in her death. (*Id.*).

Third-Party Defendant Al & Jeans is the day care facility that was responsible for providing care to Alison beginning on August 27, 2012. (TP Comp. ¶ 17). Alison died on November 8, 2012. (AC ¶ 2). Employees of Al & Jeans completed seven Day Care Accident Reports for Alison, identifying diaper rash and bruising on her body. (TP Comp. ¶¶ 18, 20). Only one of these accident reports was provided to employees of the Division prior to Alison's death. (*Id.* ¶ 20).

---

[4] Third-Party Defendant Dr. Anita Kishen has not joined in the Al & Jeans motion to dismiss.

2

The Third-Party Plaintiffs allege that Al & Jeans failed to report its suspicions of child abuse and neglect to the State Central Registry Hotline, and therefore breached its statutory duty under N.J.A.C. 3A:52-4.9. (*Id.* ¶¶ 21-24). The conduct of Al & Jeans is therefore alleged to have been a substantial contributing factor to any loss that might result in the assessment of damages against the Defendants/Third-Party Plaintiffs. (*Id.* ¶ 25). The Third-Party Plaintiffs assert one count for contribution and another count for indemnification against the Third-Party Defendants. (*Id.* ¶¶ 26-29).

## II. ANALYSIS

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n. 9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the complainant. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of [his or her] 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also West Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

3

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

### B. Negligence

Al & Jeans argues that the Third-Party Plaintiffs have failed to state a claim because the relevant child abuse and neglect reporting statute, N.J.A.C. § 3A: 52-4.9, does not give rise to a private cause of action. (Al & Jeans Mot. at 7, 10-14). The Third-Party Plaintiffs counter that they are not asserting a private cause of action under the New Jersey reporting statute, but instead are asserting their claims under a theory of negligence. Al & Jeans' alleged violation of its statutory reporting duty, they say, is cited only as evidence of that negligence. I agree with the Third-Party Plaintiffs that they have sufficiently stated a claim for contribution and indemnification under a negligence theory.

To state a claim for negligence, a plaintiff must allege the following four elements: "'(1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages.'" *Townsend v. Pierre*, 221 N.J. 36, 51 (2015) (quoting *Polzo v. Cty. of Essex*, 196 N.J. 569, 584 (2008)).

It is true, as Al & Jeans states, that there is New Jersey case law holding that the state child abuse reporting statutes do not themselves create a private cause of action. *Child M. v. Fennes*, 2016 WL 4473253, at *6 (N.J. Super. Ct. App. Div. Aug. 25, 2016); *Zelnick v. Morristown-Beard Sch.*, 445 N.J. Super. 250, 263 (Law. Div. 2015). Those same cases, however, state that such statutes can create a duty to report abuse to the Division, and that violations of that duty may serve as evidence of negligence under the appropriate circumstances. *Fennes*, 2016 WL 4473253, at *6 ("Although Montville's breach of its duties under *N.J.S.A.* 9:6-8.10 and *N.J.A.C.* 6A:9-17.4 does not constitute negligence per se or create a private cause of action, it may constitute evidence of negligence under the circumstances presented here."); *Zelnick*, 445 N.J. Super. at 265 (dismissing gross negligence claim for lack of standing and

4

"acknowledg[ing] that if [the school] owed anyone a duty to prevent or stop [the student's] abuse, that duty was owed to [the student].").

On that point, the most authoritative precedent is *J.S. v. R.T.H.*, 155 N.J. 330, 343 (1998). *J.S. v. R.T.H.* stated well-established doctrine that when a statute "proscribes conduct and adopts a standard without intending specifically to incorporate the non-statutory or common-law standard, violation of that statute may constitute [ ] evidence of negligence." *Id.* at 348. *See also Steinberg v. Sahara Sam's Oasis, LLC*, 226 N.J. 344, 363, 142 A.3d 742, 753 (2016) (reaffirming that "the violation of a statutory duty of care may be admissible as evidence of negligence") (internal quotations omitted); *Smith v. Young*, 300 N.J. Super. 82, 95, 692 A.2d 76 (App. Div. 1997) (noting the "venerable rule of law that permits an injured plaintiff to use violation of a legislatively established standard as evidence of negligence for the consideration of the jury, as long as the plaintiff was one of a class for whose benefit the statute was enacted") (internal quotations and citations omitted).

Applying that doctrine, *J.S. v. R.T.H.* held that violation of a state child abuse reporting statute can constitute evidence of negligence, even though the statute does not itself create a private cause of action, and even though a violation does not establish negligence per se:

> [W]e do not conclude that the Legislature intended that the child-abuse reporting statute constitute an independent basis for civil liability or that its violation constitute negligence per se. Nevertheless, because the protections provided, the evils addressed, and the obligations imposed by the reporting statute parallel those that would be relevant in recognizing the existence of a duty as a basis for a civil remedy, we determine that a violation of the statute may constitute evidence of negligence in circumstances such as those presented in this case.

155 N.J. 330 at 349.

The Third-Party Plaintiffs have sufficiently stated a claim for contribution and indemnification—not as a statutory cause of action, but under a theory of negligence. They allege that, if they are found liable, Al & Jeans is liable as a

5

joint tortfeasor. The theory of third-party liability tracks the three elements of negligence, see supra: Al & Jeans had a duty to report reasonable suspicions of child abuse; it breached that duty in failing to adequately report their reasonable suspicions of abuse; and this failure to report was a proximate cause of the harm to Alison.

Consequently, Al & Jeans' motion to dismiss for failure to state a claim is therefore denied.[5]

### C. Motion to Strike or Sever

Alternatively, Al & Jeans argues that the Third-Party Complaint should be struck or severed and stayed pursuant to Federal Rule of Civil Procedure 14. For the reasons discussed below, the Court will deny this component as well.

My analysis is informed by the rationales underlying third-party practice in the federal courts. Rule 14 provides that "[a] defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). It also provides that "[a]ny party may move to strike the third-party claim, to sever it, or to try it separately." Fed. R. Civ. P. 14(a)(4). "The purpose of Rule 14(a) is to avoid circularity of action and multiplicity of litigation." *Spencer v. Cannon Equip. Co.*, 2009 WL 1883929, at *2 (D.N.J. June 29, 2009) (internal citations omitted).

"Courts have considered the following factors in exercising their discretion on whether to permit impleader under Rule 14(a): '(1) the timeliness of the motion; (2) the probability of trial delay; (3) the potential for complication of issues at trial; and (4) prejudice to the original plaintiff.'" *Hennis v. Warden*

---

[5] Al & Jeans also makes an argument directed to the factual merits of the claim. It disputes the contention that it failed to satisfy its reporting obligations, pointing to certain Accident Reports allegedly provided to the Division. (Reply at 7-11). This fact-based argument is inappropriate for disposition on a Rule 12(b)(6) motion, where the complaint's allegations are assumed, for purposes of the motion only, to be true. *Flora v. Cty. of Luzerne*, 776 F.3d 169, 175 (3d Cir. 2015) ("When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a district court. . . may not make findings of fact and, insofar as there is a factual dispute, the court may not resolve it.").

6

*Robert Balicki & Cumberland Cnty.*, No. 16-4216, 2019 WL 161505, at *3 (D.N.J. Jan. 10, 2019) (quoting *Ronson v. Talesnick*, 33 F. Supp. 2d 347, 356 (D.N.J. 1999)). "In considering a motion to strike a third-party complaint, federal courts consider the same factors as those used to determine whether joinder is proper in the first instance." *Cmty. Ass'n Underwriters of Am., Inc. v. Queensboro Flooring Corp.*, No. 10-01559, 2016 WL 1728388, at *1 (M.D. Pa. Apr. 29, 2016).[6] None of these factors weigh heavily in favor of striking or severing the Third-Party Complaint.

Al & Jeans argues that litigation of the issues in the Third-Party Complaint at this time would cause unreasonable delay, complicate the issues, and prejudice Al & Jeans. I do not agree.

As for delay, Al & Jeans points to the need for protracted discovery. No particular factors suggest that the usual means of discovery are not available, or that discovery would be unusually complex or lengthy. So far in this action, discovery has been proceeding in the ordinary course. (*See* DE 102 – 117). Third-Party Plaintiffs accurately point out that, despite being served with the Third-Party Complaint in January 2018 (DE 79), Al & Jeans did not answer or otherwise move until August 2018. (DE 95 – 98). At least some of the delay, then, might be attributed to Al & Jeans.

The timeliness factor favors Al & Jeans to some degree. Leave to file the Third-Party Complaint was requested in 2017, and it was filed in January 2018. That was approximately three years after the original complaint was removed to this Court in December 2014. Weighed against the other factors, however, I do not find that this delay is sufficient to merit severance.

As for complication of the issues, Al & Jeans has not put forward any non-conclusory reason that the issues asserted in the Third-Party Complaint would be more efficiently litigated in a separate proceeding. True, the addition of the Third-Party Defendants would "expand the scope of this lawsuit" (Al &

---

[6] Magistrate Judge Hammer granted the Third-Party Plaintiffs' motion for leave to file a Third-Party Complaint pursuant to Fed. R. Civ. P. 14 in January 2018. (DE 73).

7

Jeans Mot. at 18), and Al & Jeans, like any party, would prefer to wait and see. I see no quantum leap in complexity, however, and the complexity of the consolidated case is not out of line for federal court litigation. I also see no reason to believe that the presence of the issues in the original complaint would detract from the fair and efficient litigation of those in the Third-Party Complaint (or vice versa).

Al & Jeans' claims of prejudice are conclusory. The Third-Party Plaintiffs' claims for indemnification and contribution arise out of and directly relate to the allegations contained in original Plaintiff's Complaint. Some version of those facts would necessarily be placed before the fact finder, whether in joint or severed proceedings. There is significant overlap between the facts that would support the original Plaintiff's negligence claim against the Division and the facts that would support the Third-Party Plaintiffs' claims for contribution and indemnification.

Weighing the factors together, I conclude that Al & Jeans' motion to sever should be denied.[7]

---

[7]      Al & Jeans make a separate argument that the Third-Party Plaintiffs' claims for indemnification and contribution are not ripe because such claims do not accrue until judgment is entered. (Al & Jeans Mot. at 18-19).

It is not the case that such claims *cannot* be brought in connection with the underlying action. While a judgment may be relevant for statute of limitations purposes, there is no requirement that there must be an entry of final judgment and a recovery of that judgment before a party can file a third-party claim for indemnification or contribution. *United States v. SB Bldg. Assocs., Ltd. P'ship*, No. 08-5298, 2009 WL 2392098, at *2 (D.N.J. Aug. 3, 2009) (granting defendant's motion for leave to file third-party complaint for contribution and indemnification prior to the entry of final judgment on the original complaint and noting that those claims "fall[] squarely within Rule 14(a)"); *State Coll. Area Sch. Dist. v. Royal Bank of Canada*, 825 F. Supp. 2d 573, 579 (M.D. Pa. 2011) ("In the usual Rule 14 case, a plaintiff brings a cause of action against a defendant for damages, and the defendant/third-party plaintiff then impleads a third party that he believes is either partially or wholly liable to him for the potential damage award. Typically, the third-party plaintiff charges that the third-party defendant must indemnify the third-party plaintiff should it be ordered to pay damages to the plaintiff.").

The argument that indemnification and contribution claims *should* not be brought in the underlying action essentially duplicates the arguments for severance, discussed and rejected *supra*.

8

## III. CONCLUSION

For the reasons stated in this Opinion, the Third-Party Defendant's motion to dismiss the Third-Party Complaint, or in the alternative to strike or sever the Third Party-Complaint, is DENIED.

An appropriate Order follows.

Dated: January 23, 2019

HON. KEVIN MCNULTY, U.S.D.J.